## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**ITASCA IMAGES, LLC**,
a Minnesota limited liability company,

           Plaintiff,

v.

**ZACKS INVESTMENT RESEARCH, INC.**, an Illinois corporation, and **OATH INC. dba YAHOO FINANCE**,
a Delaware corporation,

           Defendants.

Case No. 18-3178

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Itasca Images, LLC, as and for its Complaint, states and alleges:

### INTRODUCTION

1.      This is an action for copyright infringement, contributory and vicarious infringement, the unlawful removal of copyright management information, and unjust enrichment. Zacks Investment Research, Inc. ("Zacks") displayed six of Plaintiff's federally registered copyrighted photographs on their website and mobile app without license, and also distributed those photographs to third-parties including Oath Inc. ("Yahoo Finance"), who themselves displayed the photographs on their website and mobile apps, and provided the photographs to even more third-parties. Plaintiff's counsel wrote to Zacks advising that Defendants had no license to use the photographs, demanding Zacks cease infringement and immediately remove the photographs from the websites of Zacks and all third-parties. Zacks falsely claimed they removed the photographs, but they did not do so until six to 19 weeks later, and did not bother removing the photographs from third-party publisher websites and apps at all. Similarly, Plaintiff demanded Yahoo Finance cease infringement; 11 weeks later, they haven't.

## PARTIES

2.     Plaintiff ITASCA IMAGES, LLC (hereinafter "Plaintiff") is a Minnesota limited liability company, with its principal place of business in Hennepin County, Minnesota.

3.     Defendant ZACKS INVESTMENT RESEARCH, INC. (hereinafter "Zacks") is an Illinois corporation, with its principal place of business in Cook County, Illinois.

4.     Defendant OATH INC. dba Yahoo Finance (hereinafter "Yahoo Finance") is a Delaware corporation, with its principal place of business in Santa Clara County, California.

5.     Defendant Zacks and Defendant Yahoo Finance are hereinafter referenced individually and collectively as "Defendants."

## JURISDICTION AND VENUE

6.     This Court has original and exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that it is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and unauthorized and improper alteration and removal of copyright management information in violation of 17 U.S.C. § 1202, *et seq.*

7.     The Court has supplemental jurisdiction under 28 U.S.C. § 1367. This Court has subject matter jurisdiction over each and all Defendants pursuant to 28 U.S.C. § 1332. Plaintiff and Defendants are citizens of different states, and the amount in controversy far exceeds $75,000, exclusive of interest and costs.

8.     This Court has personal jurisdiction over Defendants because the infringements occurred within this district, the property at issue exists within this district, Zacks and Yahoo Finance do significant and intentional business within the district, each has employees within the district, and each sells advertising to and featuring Minnesota businesses, and further because Defendant Yahoo Finance can be found and has a registered agent in this district.

9.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTS

### I.  Plaintiff's Photographs and Copyright Registrations

10.     Plaintiff is the copyright owner and rightsholder to thousands of photographs of current events, lifestyle, travel, nature, theater, and sports. Plaintiff manages and licenses this body of work, which has appeared in international and regional publications and broadcasts.

11.     All of the copyright registrations involved herein are Group Registrations of Published Photographs ("GRPPH") filed with the U.S. Copyright Office ("USCO").[1] Each photograph within a GRPPH has a "Contents Title," which are the titles of separate and independent works being registered.[2] Each individual photograph within a GRPPH is fully registered as an individual and separate work, with no reduction in available remedies or infringement damages, as though it was individually registered on a single application. *See* 37 C.F.R. § 202.4(n); Fed. Reg. Vol. 83, No. 12, p. 2547.

12.     "Sherco Generating Station" is a photograph of a coal-fired power plant during a winter sunset, near Becker, Minnesota (the "Sherco Photo"), a copy of which appears herein:



---

[1] *See* 37 C.F.R. § 202.4(h); U.S. Copyright Office. GROUP REGISTRATION OF PUBLISHED PHOTOGRAPHS, https://www.copyright.gov/eco/help/group/grpph.html (last visited Nov. 14, 2018).

[2] U.S. Copyright Office. HELP: TITLES, https://www.copyright.gov/eco/help-title.html (last visited Nov. 14, 2018).

13.     The Sherco Photo is registered with the USCO under Reg. No. VA 1-998-043, as Contents Title 161B0059, a copy of which is attached hereto as **Exhibit A** (the "Sherco Reg.").

14.     The Sherco Photo was first published on or about January 3, 2016.

15.     The Sherco Reg. bears an effective date of March 30, 2016.

16.     "Bakken / Dakota Access Oil Pipeline" is a photograph of a pipeline under construction in New Salem, North Dakota (the "Bakken Photo"), a copy of which appears herein:



17.     The Bakken Photo is registered with the USCO under Reg. No. VA 2-018-164, as Contents Title 163A0102, a copy of which is attached hereto as **Exhibit B** (the "Bakken Reg.").

18.     The Bakken Photo was first published on or about September 5, 2016.

19.     The Bakken Reg. bears an effective date of September 25, 2016.

20.     "Associated Bank Corporate Building" is a photograph of an office building in St. Louis Park, Minnesota (the "Bank Photo"), a copy of which appears herein:



21.     The Bank Photo is registered with the USCO under Reg. No. VA 2-054-450, as Contents Title 172B0142, a copy of which is attached hereto as **Exhibit C** (the "Bank Reg.").

22.     The Bank Photo was first published on or about May 15, 2017.

23.     The Bank Reg. bears an effective date of June 25, 2017.

24.     "DePaul Center" is a photograph of a Barnes & Noble store in the DePaul Center in Chicago, Illinois (the "B&N Photo"), a copy of which appears herein:



25.     The B&N Photo is registered with the USCO under Reg. No. VA 1-967-141, as Contents Title C08K1729, a copy which is attached hereto as **Exhibit D** (the "B&N Reg.").

26.     The B&N Photo was first published on or about December 7, 2008.

27.     The B&N Reg. bears an effective date of February 1, 2015.

28.     "Amazon Fulfillment Center" is the title of a photograph of an Amazon warehouse in Shakopee, Minnesota (the "Amazon Photo"), a copy of which appears herein:



29.     The Amazon Photo is registered with the USCO under Reg. No. VA 2-054-447, as Contents Title 172A0113, a copy of which is attached hereto as **Exhibit E** (the "Amazon Reg.").

30.     The Amazon Photo was first published on or about May 25, 2017.

31.     The Amazon Reg. has an effective date of June 25, 2017.

32.      "Wynn Las Vegas – Wynn Resort and Hotel" is the title of a photograph of the Wynn Resort and Hotel in Las Vegas (the "Wynn Photo"), a copy of which appears herein:



33.     The Wynn Photo is registered with the USCO under Reg. No. VA 1-972-303, as Contents Title 153Q0158, a copy of which is attached hereto as **Exhibit F** (the "Wynn Reg.").

34.     The Wynn Photo was first published on or about September 10, 2015.

35.     The Wynn Reg. has an effective date of October 2, 2015.

36.     Plaintiff is the owner by written assignment agreements of all of the photographs described herein, including the Sherco Photo, Bakken Photo, Bank Photo, B&N Photo, Amazon Photo, and Wynn Photo (collectively the "Photographs").

37.     Plaintiff is the owner by written assignment agreements of all of the copyright registrations described herein, including the Sherco Reg., Bakken Reg., Bank Reg., B&N Reg., Amazon Reg., and Wynn Reg. (collectively the "Registrations"), and the applications thereof.

38.     Defendant Zacks possesses copies of the assignment agreements described herein.

39.     Each of the Photographs is a wholly original visual arts work, reflecting creativity, originality, planning, decision making, expression of personality, and fruits of intellectual labor, and is copyrightable under the laws of the United States.

40.     All of Defendants' infringements, and acts of infringement, occurred after the effective date of the registration for each photograph infringed. Therefore, statutory damages and attorney's fees are available to Plaintiff for each. 17 U.S.C. § 412.

41.     The Sherco Reg., Bakken Reg., Bank Reg., Amazon Reg., and Wynn Reg. were all applied-for and assigned effective dates that were: (i) within five years of first publication, and additionally (ii) within three months of first publication. Therefore, additionally, infringements and acts of infringement relating to the Sherco Photo, Bakken Photo, Bank Photo, Amazon Photo, and Wynn Photo further allow for Plaintiff's election of statutory damages and attorney's fees because those registrations were made within three months of first publication. *Id.*

## II.     The Defendants and their websites and mobile applications

42.     Defendant Zacks is "the second largest independent equity research firm in North America," and has been in business since 1978. Zacks publishes and sells investment research, data, and stock tips through its website, mobile app, content partnerships, and paid subscription memberships, used by millions of people. Zacks is the parent company of Zacks Investment Management, which describes itself as "work[ing] with high net worth and institutional investors to create customized wealth management solutions through the use of [their] proprietary Zacks investment strategies," and is the parent company of Zacks Trade, which is described as a cutting-edge international investment trading platform. Zacks companies

have several hundred employees around the United States and world, managing over $5 billion in assets.

43.     Zacks conducts business within Minnesota.

44.     Zacks has paying customers in Minnesota.

45.     Zacks has employee(s) who reside in Minnesota.

46.     Zacks owns, operates, manages, and controls a website available at www.zacks.com (the "Zacks Website").

47.     Zacks owns, operates, and controls a mobile application titled Zacks Mobile App, available on the Apple iOS App Store at the URL https://itunes.apple.com/us/app/zacks-mobile-app/id731593509 (the "Zacks App").

48.     The Zacks Website and Zacks App are accessible in Minnesota.

49.     Zacks has charged Minnesota consumer credit, debit, or payment card(s) for their services, and those card number(s) are or were collected on the Zacks Website.

50.     Zacks does intentional business within Minnesota through the sale of premium online membership services to Minnesota consumers, including a $59-per-month *Zacks Investor Collection* membership and $299-per-month *Zacks Ultimate* membership. These memberships are advertised and sold through and on the Zacks Website and through email communication.

51.     Zacks does intentional business within Minnesota through selling advertising to— and featuring advertising regarding—Minnesota businesses.

52.     Zacks does intentional business within Minnesota through Zacks' rental of its direct mail and email lists, which contains the name, addresses, and email addresses of Minnesota consumers, to third-parties.

53.     Zacks does intentional business within Minnesota through Zacks' delivery of newsletters, including pay-for-access subscription newsletters, to Minnesota consumers.

54.     Defendant Zacks Investment Research, Inc. is the sole shareholder of, and keeps the books and records of, Zacks Investment Management, Inc.

55.     Zacks has employees around the nation and world, including in Illinois, Minnesota, Arizona, California, Colorado, Florida, Georgia, Indiana, Iowa, Massachusetts, Michigan, New York, North Carolina, Ohio, Pennsylvania, Texas, West Virginia, and India.

56.     The Zacks Website is hosted by Zacks, on Zacks' internet connection and server infrastructure. In other words, Zacks is its own internet service provider. The IP address 208.65.116.3 and Autonomous System Number AS36475 that serve the Zacks Website are registered to Zacks at the American Registry for Internet Numbers, also known as ARIN.

57.     Defendant Zacks sells its data and content to third-parties through publishing partnerships with Yahoo Finance, MarketWatch, NASDAQ, Forbes, Morningstar, and others.

58.     In addition to using and displaying Plaintiff's copyrighted Photographs on the Zacks Website, Zacks also distributed and provided those Photographs to third-party publishing partners, for display and use on and in connection with their websites and advertising materials.

59.     Yahoo Finance has a website located at finance.yahoo.com (the "Yahoo Finance Website") and a mobile available on the Apple iOS App Store (the "Yahoo Finance App"). Both are owned, operated, and controlled by Defendant Yahoo Finance.

60.     When Yahoo Finance links or URLs are opened on a mobile device with the Yahoo Finance App installed, the link or URL opens to that page within the Yahoo Finance App.

61.     Yahoo Finance has users or subscribers in Minnesota.

62.     Yahoo Finance has a registered agent in Minnesota.

63.     Yahoo Finance sells advertising on the Yahoo Finance Website.

64.     Defendants profit through revenue from advertising, including advertisements for third-party entities, that were displayed next to and along with Plaintiff's Photographs.

### III.     Defendants' Acts of Infringement

65.     Through Defendants' copying, use, display, publication, and distribution of the Photographs on their websites, including on the Zacks Website, Zacks App, Yahoo Finance Website, and Yahoo Finance App, Defendants infringed Plaintiff's copyrights, including copyrights in the Photographs described herein.

### (a)     Infringements on the Zacks Website and Zacks App

66.     Zacks or an individual or company working on their behalf copied and uploaded Plaintiff's Photographs, including the Sherco Photo, Bakken Photo, Bank Photo, B&N Photo, Amazon Photo, and Wynn Photo to the Zacks Website.

67.     Each of Plaintiff's Photographs displayed on the Zacks Website were also copied, used and displayed in the Zacks App.

68.     Zacks used, displayed, and published the Sherco Photo on the Zacks Website. By way of example, Zacks published a webpage displaying the Sherco Photo on or about February 7, 2018. A copy of this webpage, as captured May 9, 2018, is attached hereto as **Exhibit G**.

69.     Zacks used, displayed, and published the Bakken Photo on the Zacks Website. By way of example, Zacks published a webpage displaying the Bakken Photo on or about Jan. 2, 2018. A copy of this webpage, as captured May 16, 2018, is attached hereto as **Exhibit H**.

70.     Zacks used, displayed, and published the Bank Photo on the Zacks Website. By way of example, Zacks published a webpage displaying the Bank Photo on or about Nov. 21, 2017. A copy of this webpage, as captured May 16, 2018, is attached hereto as **Exhibit I**.

71.     Zacks used, displayed, and published the B&N Photo on the Zacks Website. By way of example, Zacks published a webpage displaying the B&N Photo on or about July 12, 2017. A copy of this webpage, as captured May 16, 2018, is attached hereto as **Exhibit J**.

72.     Zacks used, displayed, and published the Amazon Photo on the Zacks Website. By way of example, Zacks published a webpage displaying the Amazon Photo on or about Jan. 18, 2018. A copy of this webpage, as captured May 16, 2018, is attached hereto as **Exhibit K**.

73.     Zacks used, displayed, and published the Wynn Photo on the Zacks Website. By way of example, Zacks published a webpage displaying the Wynn Photo on or about July 25, 2017. A copy of this webpage, as captured June 5, 2018, is attached hereto as **Exhibit L**.

74.     Exhibits G, H, I, J, K, and L all depict the Zacks Website.

75.     Each of Defendants' infringements were within the past three years.

76.     Each page on Zacks Website states "Copyright 2018 Zacks Investment Research".

77.     The terms of service on the Zacks Website states "All Information available through "Zacks.com" is the property of Zacks Investment Research, Inc. or its Information Providers and is protected by copyright and intellectual property laws. All rights reserved. You may not reproduce, retransmit, disseminate, sell, publish, broadcast, nor shall the Information be used in connection with creating, promoting, trading, marketing Investment Products without the express written consent of Zacks Investment Research, Inc. or its Information Providers. You are entitled to use the Information it contains for your private, non-commercial use only."

78.     Zacks displays images in its newsletters, including newsletters which require monetary payment or a paid subscription to sign up for or receive. Some of these images include images associated with pages on the Zacks Website.

**(b)     Infringements on the Yahoo Finance Website and Yahoo Finance App**

79.     Defendant Yahoo Finance copied, used, displayed, and published Plaintiff's Photographs, including the Sherco Photo, Bakken Photo, Bank Photo, Amazon Photo, and Wynn Photo, on the Yahoo Finance Website and Yahoo Finance App.

80.     By way of example, attached hereto as **Exhibit M** is a copy of the Sherco Photo being displayed in the Yahoo Finance App on November 13, 2018.

81.     By way of example, attached hereto as **Exhibit N** is a copy of the Bakken Photo being displayed and served via the Yahoo Finance website for use in social media sharing on October 2, 2018. This dialog appears after clicking the Facebook logo on the page.

82.     By way of example, attached hereto as **Exhibit O** is a copy of the Bank Photo being displayed on the Yahoo Finance Website on October 2, 2018.

83.     By way of example, attached hereto as **Exhibit P** is a copy of the Amazon Photo being displayed in the Yahoo Finance app on November 14, 2018.

84.     By way of example, attached hereto as **Exhibit Q** is a copy of the Wynn Photo being displayed and served via the Yahoo Finance website for use in social media sharing on October 4, 2018. This dialog appears after clicking the Facebook logo on the page.

**(c)     Defendants' Infringement Was Flagrantly Willful**

85.     Defendants' unlawful acquisition and use of the Photographs involved Defendants observing, reading, bypassing, ignoring, dismissing, and removing copyright notices and copyright management information.

86.     Defendants are in the business of publishing. Defendants must have detailed knowledge of intellectual property rights as a nature and requirement of their business.

87.     On April 24, 2018, Plaintiff's counsel mailed a letter (the "Letter") to Defendant Zacks via Certified Mail, stating, *inter alia*, that: (i) Plaintiff owns the Photographs; (ii) Zacks was using the Photographs on its website; (iii) Zacks had provided the Photographs to third-parties; (iv) Zacks had no license to use the photographs; (v) Zacks' use of the photographs constitutes copyright infringement; (vi) Zacks must cease and desist infringement; and (vii) Zacks must ensure all third-party infringement ceases.

88.     The Letter identified each of the six Photographs by title, creation date, publication date, U.S. Copyright Office registration number, Contents Title number, and effective registration date, and for each Photograph, the Letter identified a URL on the Zacks Website where the respective photograph could be located, and a direct URL to the image file hosted on the Zacks Website. Additionally, the Letter identified at least three third-party URLs associated with the Yahoo Finance Website using or referencing Zacks' content, which included Plaintiff's copyrighted work.

89.     The Letter included the statement "Itasca Images demands that you cease and desist infringing its copyrights. This includes immediately removing the above-identified Photographs from your website and other websites Zacks has given the Photographs to. Because Zacks' infringement is so extensive, Itasca Images does not know if the URLs listed above identify all infringements of Itasca Images' copyrighted work. Therefore, Itasca Images expects Zacks to conduct a thorough search and licensing review of its website photography usage to ensure all infringement of Itasca Images' work has ceased."

90.     The Letter was sent via Certified Mail, Article Number 7016 3010 0000 9521 7497, and was delivered to and signed for by Zacks on April 27, 2018.

91.     Zacks received the Letter on April 27, 2018.

92.     With Zacks' receipt of the Letter, Zacks had direct and actual knowledge and notice of its copyright infringement.

93.     On May 8, 2018, counsel for Zacks contacted Plaintiff's counsel, stating he was responding to Plaintiff's counsel's April 24, 2018 Letter, and was investigating the matter. Zacks' counsel's letter included the statement, "The photos you specify in your letter were taken down upon receipt of your letter."

94.     Zacks had not in fact removed, taken down, or otherwise ceased infringement of the Photographs as of Zacks' counsel's statement that they had done so.

95.     On May 16, 2018, Zacks' counsel contacted Plaintiff's counsel, asking for registration certificates and assignment documents for each of the Photographs.

96.     On May 18, 2018, Plaintiff's counsel sent Zacks' counsel copies of the USCO registration certificates, the relevant pages of the deposits submitted with the respective applications for copyright registration, and assignment agreements for each of the Photographs.

97.     Zacks did not remove any of the Photographs from any of their webpages on the Zacks Website prior to June 5, 2018.

98.     Zacks removed some instances of Plaintiff's photographs from its website on June 5, 2018, but continued to display Plaintiff's Photographs after June 5, 2018.

99.     Zacks' failure to remove some of Plaintiff's Photographs until 42 days after Plaintiff's cease-and-desist demand constitutes willful infringement.

100.    On July 26, 2018, Plaintiff's counsel wrote to Zacks' counsel, expressing *inter alia*, concern that Zacks had not removed the Photographs, and that some of Plaintiff's Photographs were still displayed and published on the Zacks Website and Yahoo Finance as of that date.

101.    Plaintiff's counsel's July 26, 2018 email to Zacks' counsel stated, "Itasca repeats their demand that Zacks immediately cease and desist infringement of their Photographs through the immediate removal of the Photographs from Zacks' websites, web servers, and any and all third-party websites which Zacks distributed the Photographs to."

102.    On July 27, 2018, Zacks' counsel stated all of the Photographs had been removed from the Zacks Website but made no mention of Zacks' attempts to remove the Photographs from Yahoo Finance or other third-parties Zacks distributed the Photographs to.

103.    All of the Photographs had not, in fact, been removed as of July 27, 2018.

104.    On August 2, 2018, Plaintiff's counsel provided Zacks' counsel with links to three URLs on the Zacks Website that continued to use and display Plaintiff's Photographs.

105.    Zacks continued displaying Plaintiff's Photographs on its website including at these very URLs until September 5, 2018, between 5:39:54 p.m. and 5:40:24 p.m. Central Time.

106.    By way of example, attached hereto as **Exhibit R** is a copy of a page on Zacks Website displaying the Wynn Photo as of August 27, 2018.

107.    Zacks did not remove all of Plaintiff's Photographs from its website until approximately 134 days after Plaintiff mailed a cease-and-desist demand.

108.    Zacks' failure to remove some of Plaintiff's Photographs until approximately 134 days after Plaintiff's cease-and-desist demand constitutes willful infringement.

109.    To this day, Zacks has not caused for the removal and ceasing of infringement of Plaintiff's Photographs on the websites of third-parties, including Yahoo Finance.

110.    Zacks has distributed Plaintiff's Photographs to third-parties other than Yahoo Finance, not all of which are known to Plaintiff.

111.    On August 26, 2018, Plaintiff sent Defendant Yahoo Finance correspondence stating that they were infringing Plaintiff's Photographs, demanding Yahoo Finance remove the Photographs from their website. Plaintiff identified to Defendant Yahoo Finance each of the photographs by registration number, contents title number, effective registration date, and title, and provided Defendant Yahoo Finance copies of copyright registration certificates, assignment documents, and relevant portions of deposits.

112.    Defendant Yahoo Finance continues to display Plaintiff's Photographs, including on the Yahoo Finance Website and Yahoo Finance App, long after receipt of Plaintiff's notice, as of the filing of this complaint.

**(d)    Defendants' Infringement, Generally**

113.    Defendants had no license to use the Photographs.

114.    Defendants had no right to use the Photographs.

115.    Defendants did not remit any fee or monies to use the Photographs.

116.    The Photographer's contact information was easily and readily available to Defendants prior to their uses of the Photograph(s).

117.    Defendants did not contact Plaintiff or the Photographer at any time prior to using the Photographs.

118.    Defendants' use of the Photographs was for commercial, advertising, and sales purposes.

119.    Defendants displayed and published the Photographs for the purposes of enhancing and creating appeal for their publications, articles, and content, and to increase subscriptions or advertising revenue.

120.    Defendants took no steps or actions toward obtaining, meeting the conditions of, or to comply with, any license to use the Photographs.

121.    Defendants did not provide any attribution for any of its copying, use, or display of the Photographs.

122.    Defendants did not provide credit or attribution to the Photographer along with their copying, use, or display the Photographs.

123.    Defendants did not include the Photographer's name or Plaintiff's name anywhere in or on any of its websites, or anywhere in or on the Zacks Website or Yahoo Finance, in connection with the Photographs.

124.    Defendants did not include the original copyright notice(s) with their use, publication, or display of the Photographs.

125.    A person or entity working for or on behalf of Defendant Zacks copied and uploaded the Photographs to the Zacks Website.

126.    Defendant Zacks provided Plaintiff's Photographs to Defendant Yahoo Finance.

127.    The Sherco Photo was originally published with at least 20 elements of Copyright Management Information ("CMI"), including: photographer's name, city, state, phone number, email address, and website URL; artist name, byline, and credit line; publication date; copyright flag; copyright notice; title of work as registered with the U.S. Copyright Office; a unique identifier for the photograph; scene exposure information; and camera and lens serial numbers.

128.     The Bakken Photo was originally published with at least 18 elements of CMI, including: the photographer's name, city and state, phone number, email address, and website URL; artist name, byline, and credit line; copyright flag; publication date; copyright notice; title of work as registered with the U.S. Copyright Office; a unique identifier for the photograph; scene exposure information; and camera and lens serial numbers.

129.     The Bank Photo was originally published with at least 22 elements of CMI, including: the photographer's name, city and state, phone number, email address, and website URL; artist name, byline, and credit line; copyright flag; copyright notice; title of work as registered with the U.S. Copyright Office; a unique identifier for the photograph; scene exposure information; and camera and lens serial numbers.

130.     The B&N Photo was originally published with at least three elements of CMI, including: photographer's name; website URL; byline; copyright flag; title of work as registered with the U.S. Copyright Office; scene exposure information; and camera serial number.

131.     The Amazon Photo was originally published with at least 22 elements of CMI, including: the photographer's name, city and state, phone number, email address, and website URL; artist name, byline, and credit line; copyright flag; copyright notice; title of work as registered with the U.S. Copyright Office; a unique identifier for the photograph; scene exposure information; and camera and lens serial numbers.

132.     The Wynn Photo was originally published with at least 21 elements of CMI, including: the photographer's name, city and state, phone number, email address, and website URL; rights contact information; publication date; artist name, byline, and credit line; copyright flag; copyright notice; title of work as registered with the U.S. Copyright Office; a unique identifier for the photograph; scene exposure information; and camera and lens serial numbers.

133.    For each of the Photographs, elements of CMI were visually present surrounding and next to the Photographs and embedded as metadata in the Photographs.

134.    Defendants removed any and all CMI in their copying, publication, use, and distribution of the Photograph. Defendants displayed no CMI and included no CMI in metadata.

135.    Defendants falsified CMI by placing their own copyright notice on pages while displaying Plaintiff's Photographs, representing the Photographs as their own.

136.    Defendants' removal of, and falsification of CMI was done intentionally.

137.    Defendants used programming code on their websites to instruct search engines and third-parties to use and display the Photographs. Attached hereto as **Exhibit S** are examples of Plaintiff's Photographs appearing on the websites of Twitter, Facebook, Google, and when shared via iMessage in connection with promoting Defendants' content.

138.    Attached hereto as **Exhibit T** are examples of Plaintiff's Photographs being used by even more third-parties to promote Defendant Zacks' content. Exhibit T reflects the Bakken Photo being displayed by a company named ConstructConnect on their Twitter account.

139.    Zacks has not contacted ConstructConnect in an effort to cause for the removal of the Bakken Photo from ConstructConnect's Twitter account.

140.    Defendants collect data pertinent to how many times the infringed Photographs were displayed, and how much revenue Defendants have earned in connection with their infringement of the Photographs. By way of example, Defendant Zacks has installed code from, and uses services from, Google Analytics and CrazyEgg on the pages displaying or providing Plaintiff's Photographs. By way of further example, Defendant Yahoo Finance has installed code from, and uses services from, Scorecard Research and internal Yahoo tracking services on the

pages displaying or providing Plaintiff's Photographs. These services collect individualized and statistical data on website visitors, advertising impressions, user actions, and subscriptions.

141.    Defendants' web server(s) maintain logs or audit trails of when and how often content, including the infringed Photographs, were displayed, viewed, and accessed.

142.    Defendant Zacks received a litigation preservation demand from Plaintiff's counsel by and through the Letter dated April 24, 2018.

143.    Defendant Oath and Yahoo Finance received a litigation preservation demand from Plaintiff by and through Plaintiff's August 26, 2018 notice.

144.    Defendant Zacks' privacy policy currently states that Zacks use "cookies, tags, pixels and similar technologies," and that Zacks collects personal information from site visitors, and that Defendants store that data on their servers.  Zacks has retained this data.

145.    Defendant Yahoo Finance's privacy policy currently states that Oath and/or Yahoo Finance collects "information about how you interact with our Services and those of our third-party partners and information that allows us to recognize and associate your activity across devices and Services," which includes "device specific identifiers and information such as IP address, cookie information, mobile device and advertising identifiers, browser version, operating system type and version, mobile network information, device settings, and software data," location data, page views, and more, and that Yahoo Finance stores this data.

146.    Defendants use a content management system for their websites. These content management systems maintain a database or logs of historical records of content uploaded, created, and published on the websites, including the Photographs, and articles containing the Photographs. This database, including backups or snapshots of the same, includes audit detail

pertaining to which account uploaded the Photograph and the timestamp of the uploading of the Photograph, and the use of the Photograph.

147.    Defendants have no safe harbor protection under the Digital Millennium Copyright Act, 17 U.S.C. § 512 (the "DMCA").

148.    Defendants' infringement of Plaintiff's copyrights was not initiated by or at the direction of a user of their services.

149.    Zacks is not a "service provider" as that term is defined by the DMCA.

150.    Zacks has not designated an agent, also known as a designated agent, to receive notifications of claimed infringement.

151.    Zacks has not identified a designated agent to receive notifications of claimed infringements on the Zacks Website nor registered the same with the U.S. Copyright Office.

## CAUSES OF ACTION

### COUNT I
### Copyright Infringement (17 U.S.C. § 501)

152.    Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

153.    Defendants copied, used, and displayed Plaintiff's Photographs without license or right, constituting multiple acts of copyright infringement.

154.    Defendants' conduct is in violation of copyright law, including the U.S. Copyright Act, and the exclusive rights held by Plaintiff.

155.    Defendants' infringement of these rights was and is willful.

156.    Plaintiff is entitled to an injunction restraining Defendants and its officers, agents, employees, and all persons acting in concert with it, from engaging in any further such acts in violation of copyright laws and Plaintiff's exclusive rights.

157.    As a result of Defendants' individual and collective acts of copyright infringement, and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to recover from Defendants the damages, including attorney's fees that it has sustained as a result of Defendants' infringing conduct, including but not limited to any gains, profits, advantages of Defendants, Defendants' wrongful profits, Plaintiff's lost profits, diminution of value of the Photographs, statutory damages, enhanced damages, attorney's fees, interest, and costs.

158.    Plaintiff is entitled to statutory damages under the Copyright Act at their election.

**COUNT II**
**Integrity of Copyright Management Information (17 U.S.C. §§ 1202-1203)**

159.    Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

160.    Defendants' conduct is in violation of United States copyright law and the exclusive rights held by Plaintiff.

161.    Defendants' removal and falsification of copyright management information is in violation of law and of Plaintiff's rights.

162.    Defendants' placement of their copyright notices on or near Plaintiff's Photographs is in violation of law and of Plaintiff's rights.

163.    Defendants' failure to display, falsification of, and removal of copyright management information was willful and intentional.

164.    As a result of Defendants' failure to display, falsification, and removal of copyright management information, and further distribution of the Photographs without CMI, and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial, and Plaintiff is entitled to recover actual damages, or at their election, statutory damages,

including attorney's fees, costs, and interest, and is further entitled to a preliminary and permanent injunction enjoining Defendants from such further violations.

165.    Plaintiff is entitled to statutory damages under the DMCA.

## COUNT III
## Contributory Copyright Infringement (17 U.S.C. § 501)

166.    Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

167.    Defendants induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to copy and use Plaintiff's copyrighted Photographs, including without limitation through: (i) Defendant Zacks' provision of the Photographs to third-parties, including Defendant Yahoo Finance; (ii) Defendant Zacks' use of programming code to instruct third-parties to use the Photographs to promote their content; and (iii) Defendant Yahoo Finance's use of programming code to instruct third-parties to use the Photographs to promote their content.

168.    Defendants had knowledge of the infringing acts relating to Plaintiff's Photographs.

169.    The acts and conduct of Defendants, as alleged herein, constitute contributory copyright infringement.

170.    Defendants' infringement of these rights was and is willful.

171.    Plaintiff is entitled to an injunction restraining Defendants and its officers, agents, employees, and all persons acting in concert with it, from engaging in any further such acts in violation of copyright laws and Plaintiff's exclusive rights.

172.    As a result of Defendants' individual and collective acts of copyright infringement, and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to recover from Defendants the damages, including

attorney's fees that it has sustained as a result of Defendants' infringing conduct, including but not limited to any gains, profits, advantages of Defendants, Defendants' wrongful profits, Plaintiff's lost profits, diminution of value of the Photographs, statutory damages, enhanced damages, attorney's fees, interest, and costs.

173.   Plaintiff is entitled to statutory damages under the Copyright Act at their election.

**COUNT IV**
**Vicarious Infringement (17 U.S.C. § 501)**

174.   Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

175.   Numerous individuals and entities infringed Plaintiff's copyrighted Photographs in connection with Defendants' use, copying, and display of the Photographs.

176.   Defendants had the right and ability to control the infringing acts of individuals or entities who directly infringed Plaintiff's copyrighted Photographs.

177.   Defendants obtained financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's copyrighted Photographs.

178.   Defendants' acts and conduct constitute vicarious copyright infringement.

179.   Defendants' infringement of these rights was and is willful.

180.   Plaintiff is entitled to an injunction restraining Defendants and its officers, agents, employees, and all persons acting in concert with it, from engaging in any further such acts in violation of copyright laws and Plaintiff's exclusive rights.

181.   As a result of Defendants' individual and collective acts of copyright infringement, and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to recover from Defendants the damages, including attorney's fees that it has sustained as a result of Defendants' infringing conduct, including but not limited to any gains, profits, advantages of Defendants, Defendants' wrongful profits,

Plaintiff's lost profits, diminution of value of the Photographs, statutory damages, enhanced damages, attorney's fees, interest, and costs.

182.    Plaintiff is entitled to statutory damages under the Copyright Act at their election.

## COUNT V
## Unjust Enrichment (Against Defendant Zacks Only)

183.    Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

184.    Defendant Zacks is in a publishing partnership with Defendant Yahoo Finance, and Defendant Zacks receives benefits through this partnership.

185.    Defendant Zacks has unlawfully received benefits from its unauthorized use of Plaintiff's copyrighted Photographs.

186.    Defendant Zacks has accepted and retained the benefits knowing that its conduct was unjust and that retaining the benefits was inequitable.

187.    Defendant Zacks has been, and continues to be, unjustly enriched by retaining the benefits they have received as a result of their improper conduct.

## JURY TRIAL DEMANDED

188.    Plaintiff demands a jury trial.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered in favor of Plaintiff, and against Defendants, as follows:

A.    A finding that Defendants have infringed Plaintiff's copyrights;

B.    A finding that Defendants' infringement was knowing and willful;

C.    A finding that Defendants removed and/or altered Plaintiff's copyright management information, and distributed such improperly modified material in violation of 17 U.S.C. § 1202(b)(1) and (3);

D.      A finding that there is a substantial likelihood that Defendants will continue to infringe Plaintiffs copyrights and violate 17 U.S.C. § 1202(b)(1) and (3) unless enjoined from doing so;

E.      Issuance of an injunction against Defendants and its officers, directors, agents, employees, and all other persons in active concert or privity or in participation with them, enjoining them from: (i) directly or indirectly continuing to infringe Plaintiff's copyrights, including being enjoined from copying, or in any way using, distributing, or publishing Plaintiff's copyrighted photographs or to participate or assist in any such activity; and (ii) directly or indirectly continuing to violate 17 U.S.C. § 1202(b)(1) and (3);

F.      A finding that Defendant Zacks has been unjustly enriched by its conduct and an award of damages, costs, and attorney's fees for the same;

G.      Judgment in favor of Plaintiff against Defendants for each and every act of copyright infringement, vicarious and contributory infringement, and removal of copyright management information;

H.      An award of actual damages which include, among other things, its lost profits, diminished value of its copyrighted Photographs, and for Defendants' profits relating to Defendants' conduct complained of herein;

I.      An award of statutory damages of $30,000 for each infringement of each of the copyrighted works pursuant to 17 U.S.C. §§ 504-505;

J.      An award of enhanced statutory damages of $150,000 for each willful infringement of each of the copyrighted works;

K.      An award of actual and/or statutory damages, at Plaintiff's election, for the removal and alteration of copyright management information pursuant to 17 U.S.C. § 1202;

L.      An award of actual and/or statutory damages, at Plaintiff's election, for the vicarious and contributory infringement claims;

M.      An award of Plaintiff's full costs, expenses, and reasonable attorney's fees incurred in this action; and

N.      Such other, different, and further relief as this Court deems just and proper.

Dated:  November 14, 2018 **BRIGGS AND MORGAN, P.A.**

By: s / *Scott M. Flaherty*

    Scott M. Flaherty (#388354)
    O. Joseph Balthazor (#399093)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
(612) 977-8400

**ATTORNEYS FOR PLAINTIFF
ITASCA IMAGES, LLC**